OLEGARIO FUENTES, Plaintiff and Appellee, v. RAFAEL MELÉNDEZ, Defendant and Appellant.

No. 4647.   Argued April 23, 1929.—Decided January 29, 1930.

*F. Navarro,* for appellant.   *L. Muñoz Morales,* for appellee.

Mr. Justice Texidor delivered the opinion of the court.

Olegario Fuentes sued Rafael Meléndez in the District Court of Guayama and alleged that in 1911 the plaintiff leased to Angel Meléndez, for a term of two years, ten and one-half acres of land which formed part of a larger tract belonging to the plaintiff and situate in the district of Aibonito; that at the expiration of the lease Angel Meléndez, who was ill, left the property, and Rafael Meléndez entered into possession of the premises without the consent of the plaintiff; that he now withholds the possession thereof from the plaintiff and refuses to vacate. He also alleged that the defendant has gathered and appropriated to himself the rents and profits of the said land valued at $700, and prayed for judgment accordingly.

In his answer the defendant admitted that the plaintiff was the owner of a tract of land in Aibonito, but he averred that in 1912 the plaintiff had segregated from the said tract the parcel of ten and one-half acres described in the complaint and sold the same to Angel Meléndez, who held this parcel as owner until he became ill and incapacitated and was confined in an insane asylum in San Juan; and that the defendant, as a brother of Angel Meléndez, took charge of the property pending his brother's recovery from his illness. He denied the wrongful withholding of the property and title in the plaintiff, and pleaded as a special defense that the latter, prior to the institution of the present suit, had brought an action in the Municipal Court of Cayey against Angel Meléndez, wherein he alleged that he had sold to the defendant therein a parcel of land measuring ten and one-half acres, situate in the ward of Llorens in the Municipality of Aibonito, by verbal agreement and for a price of $315, of which the purchaser paid $80 but had failed to pay the balance thereof either at the expiration of one year as agreed,

or of an extension granted; that the plaintiff therein was willing to execute the proper deed on payment of the total purchase price and that the defendant was in possession of the said parcel; that Rafael Meléndez was appointed as guardian *ad litem* of his brother, Angel, to defend the said action and pleaded in bar the prescription of the action, and that Olegario Fuentes then withdrew his complaint.

The case went to trial and the plaintiff introduced in evidence the title deeds to his seventy-acre tract located in the ward of Llano of Aibonito and recorded in the registry of property, several tax receipts, and a certificate issued by the clerk of the Municipal Court of Cayey as to a judgment rendered on June 28, 1913, in a civil proceeding relating to the incapacity of Angel Meléndez, in which judgment it had been declared as proved that the incapacitated person did not own any property.

The parties are agreed as to the identity of the parcels, as described in the pleadings.

The witnesses for the plaintiff testified as follows:

Olegario Fuentes substantially stated that he was the owner of the property; that he had leased it to Angel Meléndez for a term of two years and that it had been stipulated that, if at the expiration of two years Fuentes was willing to sell the property to Meléndez, the latter would purchase it. He also stated that he collected $80 as rental in advance for the two years; that on a former occasion he had resorted to legal proceedings to claim his property, and in this his son had acted for him; that Angel Meléndez became ill and the defendant entered the property, which he has under cultivation and from which he is gathering the fruits; that he has not sold the property and has had no intention of selling it to Angel Meléndez, nor has he said so to anybody.

Asunción Fuentes testified similarly, that is, he asserted that his father Olegario Fuentes had leased the parcel of ten and one-half acres to Angel Meléndez; he denied the sale and stated that Rafael Meléndez occupies and cultivates

the property. He further said that both he and his father had attempted to take possession of the property but that the defendant had prevented it; that accordingly complaints had been filed which the witness did not read, leaving the form thereof to the discretion of the attorney; that his father has not received any sum of money apart from the $80 of the rent; that the witness was the only person who had dealings with the attorney in the matter of said complaints.

Francisco Marrero and José Ferrán also testified affirmatively as to the lease and denied the sale.

The defendant introduced as witnesses Nicolás Santini and Rafael Meléndez, who substantially stated that they were present when Olegario Fuentes sold to Angel Meléndez the parcel of 10 or 10½ acres for $108, of which $80 was paid at once and the balance remained outstanding to pay the notary and the surveyor, and that a receipt was given; that Rafael Meléndez is in possession of the property and cultivates it to help his family and his brother. The testimony is rather long and somewhat confusing in its details.

The defendant introduced in evidence a certified copy of a complaint in the name of Olegario Fuentes against Angel Meléndez, filed in the Municipal Court of Cayey, in which it was alleged that Olegario Fuentes had sold to Angel Meléndez a 10½-acre property in the ward of Llano of the Municipality of Aibonito for $315, of which he had received $80 on account and the balance was unpaid, and that the plaintiff was ready and willing to execute the proper deed. The complaint is not verified and is dated September 22, 1925. The certificate includes copies of the summons, of the return of the attachment, of the answer filed in which the defendant sets forth a plea of prescription, of a motion of dismissal filed by the plaintiff and of the order entered accordingly.

The district court rendered judgment for the plaintiff, without special pronouncement of costs, and it is from that judgment that the present appeal has been taken.

In our opinion, what the evidence shows is that Rafael Meléndez has no right of ownership, and perhaps not even of possession, to the property sought to be recovered. He has not established such title and, what is more, he has not even alleged it.

The fact that an action was instituted and had been prosecuted, up to a certain stage, by Olegario Fuentes against Angel Meléndez for the recovery by the former from the latter of the purchase price of the property, which Fuentes alleged he had sold to Meléndez and a deed to which the former was willing to execute, can not be conclusive in the present case; this, independently of the fact that nothing was settled in that action, Fuentes having dismissed it before judgment. As the plaintiff has shown a prima facie title, the continuity thereof is to be presumed, unless the defendant overcomes such presumption; and this the defendant has not done. The district court no doubt thought that the mere filing of a complaint, which was later dismissed without a decision on the merits, was not sufficient. In this we find no error.

The judgment appealed from must be affirmed.

Chief Justice Del Toro and Mr. Justice Hutchison dissented.